UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CRYSTAL HOLTZ,

    Plaintiff,

v.                                                    Case No. 19-C-1682

ONEIDA AIRPORT HOTEL CORPORATION, et al.,

    Defendants.

---

## DECISION AND ORDER

---

Plaintiff Crystal Holtz, proceeding *pro se*, filed an action in the Circuit Court for Brown County on October 15, 2019, alleging various federal, state, and tribal law claims against Defendants Oneida Airport Hotel Corporation (d/b/a Radisson Hotel & Conference Center Green Bay), Robert Barton, Aimbridge Hospitality, LLC, and Steve Ninham. Dkt. No. 1-2 at 4. One week later, she filed an amended complaint that added allegations as to the motivation behind the alleged wrongdoing of the defendants, but added no substantive claims. Dkt. No. 1-3 at 4. Defendants filed a timely notice to remove Holtz's action to this court pursuant to 28 U.S.C. § 1446(b), Dkt. No. 1, and two separate motions to dismiss. Dkt. Nos. 7 and 11. Holtz filed an objection to the removal of her action, Dkt. No. 16, but has not responded to either motion to dismiss. For the reasons that follow, the defendants' motions will be granted.

## ALLEGATIONS OF THE COMPLAINT

In her amended complaint, Holtz—a member of the Oneida Nation tribe who was employed at the Radisson Hotel and Conference Center of Green Bay (Hotel) during the time relevant to her complaint—alleges after lunch on September 20, 2019, Hotel security personnel

escorted her from work to St. Mary's Hospital because they suspected her of drinking alcohol while at lunch due to "droopy eyes" and her "flush" appearance.  She refers to this as a "2.8 screening," conducted pursuant to the Drug and Alcohol Screening Policy contained in section 2.8 of her employer's handbook.  Holtz alleges Defendant Steve Ninham—General Manager of the hotel and employed by Aimbridge Hospitality—approved and authorized this policy.  Holtz alleges that the hospital's staff did not know what to do when she arrived.  She claims that the defendants failed to communicate the "2.8 screening protocol" to the hospital's staff.  Holtz blames the failed screening protocol for exacerbating her distress and aggravating existing health problems.  As a result, she states she needed medical treatment from the hospital's emergency room staff for an alleged personal injury.  Holtz claims she did not refuse screening and that the hospital's exam reveals she was not impaired.  The defendants terminated her employment soon after the alleged drug screening on September 23, 2019.

Holtz's amended complaint makes several other allegations regarding her employer.  Holtz states that she amended her lawsuit to clarify that the intent behind her wrongful termination was to move the Sales Manager position from the Oneida Airport Hotel Corporation to Aimbridge Hospitality.  This was done to thwart the hiring and promotion of members of the Oneida Nation and bypass tribal laws, according to Holtz.  Holtz accuses Defendant Robert Barton, President of the Oneida Hotel Corporation, of conspiring with Ninham to wrongfully terminate her and shift the Sales Manager position to Aimbridge Hospitality.

Holtz also alleges discrimination because HR stated her daughter will never work for the Hotel, despite the fact that the HR manager's son is the Hotel's housekeeping supervisor.  She also claims that her supervisor reprimanded her for wearing a nose ring in August 2019 (and HR failed

2

to document this "adverse employee assault"), that her professional degree is a threat to her supervisor's position, and that her employer may have violated laws regarding workhours, wages, and compensation (she worked a twelve hour day in Tulsa, Oklahoma the day before her termination), among other allegations.

Holtz claims that in so acting the defendants violated Wisconsin employment law; Article VII of the Oneida Nation Constitution; the Indian Civil Rights Act (ICRA), 25 U.S.C. § 1302; 42 U.S.C. § 1985, 42 U.S.C. § 1983, and the Fifth and Fourteenth Amendments to the United States Constitution. She also believes that she is protected by the Americans with Disabilities Act (ADA), but is not alleging a violation against Defendants under the ADA at this time.

## ANALYSIS

Holtz first asks the court to deny the removal of her action from Brown County Circuit Court. Dkt. No. 16 at 2. She claims that Defendants lacked a cause of action and good cause to remove her lawsuit. She argues that her claim of wrongful termination, an intentional tort, is required to be tried in Wisconsin circuit court and that Defendants acted in bad faith by removing this action to federal court. Holtz clearly does not understand removal.

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." A United States district court has jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether an action was properly removed is determined based on whether the complaint "would have been within the district court's original jurisdiction *at the time of the removal*." *Fed. Deposit*

3

*Ins. Corp. v. Elefant*, 790 F.2d 661, 667 (7th Cir. 1986) (emphasis added) (citing *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983)).  Here, there is no doubt that the amended complaint purports to state claims that arise under the Constitution and laws of the United States.  It thus follows that the case was properly removed.

Holtz argues that despite what she asserted in her complaint, her action arises solely under state law.  She cites a Wisconsin Supreme Court case, *Strozinsky v. School District of Brown Deer*, 2000 WI 97, 237 Wis. 2d 19, 614 N.W.2d 443, to show that her case is one of intentional wrongful termination by constructive discharge.  The fact that Holtz has also stated state law claims, however, does not defeat federal jurisdiction.  Assuming there are federal claims over which a federal court has jurisdiction, the court would have supplemental jurisdiction over the state law claims.  28 U.S.C. § 1367.  If the federal claims are dismissed before trial, the court has discretion to retain jurisdiction over the state law claims, but the normal practice is to dismiss the state law claims without prejudice, or in cases that are removed, to remand the case to the state court for disposition of the remaining claims, unless it is clear that the state claims should be dismissed as well.

Holtz's failure to respond to Defendants' motions to dismiss is by itself grounds to grant Defendants' motions.  *See* Civil L.R. 7(d) ("Failure to file a memorandum in opposition to a motion is sufficient cause for the court to grant the motion.").  Further, under Civil L.R. 41(c), "Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action . . . the Court may enter an order of dismissal with or without prejudice."  Even aside from these procedural grounds, however, Holtz's federal claims fail on their merits, and there are ample grounds for the court to dismiss the complaint.

4

Despite alleging a number of causes of action that arise under federal law, none of them are plausibly stated in Holtz's complaint. To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff's statements must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

Holtz's federal and state claims fail first of all because they are barred under the doctrine of sovereign immunity. The Oneida Airport Hotel Corporation, d/b/a Radisson Hotel and Conference Center of Green Bay, as the complaint alleges, is an entity owned and operated by the Oneida Nation, formerly known as the Oneida Indian Tribe of Wisconsin, a federally recognized Indian tribe. Dkt. No. 1-3 at 4. "Indian tribes are domestic dependent nations that exercise inherent sovereign authority." *Michigan v. Bay Mills Indian Comty.*, 572 U.S. 782, 788 (2014) (internal

5

quotations omitted). Among the core aspects of sovereignty that tribes possess is the common-law immunity from suit traditionally enjoyed by sovereign powers. *Id.* The interests served by the doctrine of tribal sovereign immunity are at their highest when a tribe exercises tribal authority over its own members on its own land. Indian tribes retain "'their original natural rights' in matters of local self-government." *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 55 (1978) (quoting *Worcester v. Georgia*, 6 Pet. 515, 559 (1832)). "Although no longer 'possessed of the full attributes of sovereignty,' they remain a 'separate people, with the power of regulating their internal and social relations.'" *Id.* (quoting *United States v. Kagama*, 118 U.S. 375, 381–82 (1886)). "They have power to make their own substantive law in internal matters . . . and to enforce that law in their own forums." *Id.* at 55–56 (internal citations omitted). In addition, tribal officers are also immune from suit when they act within their official capacity and within the scope of their authority. *Id.* at 59.

Holtz, as a member of the Oneida Nation, is certainly aware of the unique status of her tribe under the law. Because the Oneida Nation is considered a sovereign nation, her claims against the Nation and its agents acting within the scope of their employment and authority are barred. This does not leave Holtz without a remedy. She is free to seek redress within the Nation's own courts. *See Trial Court*, ONEIDA, https://oneida-nsn.gov/government/judiciary/trialcourt/ (last visited Apr. 30, 2020). She is also free to terminate her membership in the Oneida Nation.

Alternatively, even if the defendants were not immune, Holtz's complaint would nevertheless be dismissed for failure to state a federal claim. The complaint alleges that the defendants injured Holtz in violation of rights guaranteed to her by the United States Constitution. The statutory vehicle for individuals seeking relief for violation of federal rights is 42 U.S.C.

6

§ 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017). The general rule, however, is that tribal officers and agents do not act under color of state law within the meaning of § 1983. *R. J. Williams Co. v. Fort Belknap Hous. Auth.*, 719 F.2d 979, 982 (9th Cir. 1983). This follows because tribal police officers act under color of tribal law, and no § 1983 action can be maintained in federal court for persons alleging deprivation of constitutional rights under color of tribal law since Indian tribes are separate and distinct sovereignties and are not constrained by the provisions of the Fourteenth Amendment. *Martinez*, 436 U.S. at 56; *Twin Cities Chippewa Tribal Council v. Minnesota Chippewa Tribe*, 370 F.2d 529, 533 (8th Cir. 1967). Holtz's claims for violations of her rights under the Fifth and Fourteenth Amendments fail for this reason as well.

Holtz also alleges a violation of 42 U.S.C. § 1985. Because Holtz is not a government official § 1985(1) does not apply, and because she is not a party, witness, or juror, § 1985(2) does not apply. In order to state a claim under § 1985(3), Holtz would have to allege "(1) the existence of a conspiracy, (2) a purpose of depriving a person or class of persons of equal protection of the laws, (3) an act in furtherance of the alleged conspiracy, and (4) an injury to person or property or a deprivation of a right or privilege granted to U.S. citizens." *Brokaw v. Mercer Cty.*, 235 F.3d 1000, 1024 (7th Cir. 2000) (quoting *Majeske v. Fraternal Order of Police, Local Lodge No. 7*, 94 F.3d 307, 311 (7th Cir. 1996)). This she fails to do. Essentially, Holtz's claim is for wrongful termination of her employment. Whatever else it may be, her job at the Hotel was not a deprivation of equal protection of the laws.

7

Section 1985(3) does not create rights. A plaintiff must identify a right independently secured by state or federal law. *Stevens v. Tillman*, 855 F. 2d. 394, 404 (7th Cir. 1988). Holtz has failed to establish "independent substantive rights enforceable in the federal courts to serve as a predicate violation" under the statute. *Gallegos v. Jicarilla Apache Nation*, 97 F. App'x 806, 812 (10th Cir. 2003). Instead, she alleges that she was discharged in order to avoid tribal laws. (Am. Compl. at 9, 11). She alleges this was a violation of her rights under Article VII of the Oneida Constitution. (Am. Compl. at 11, ¶ vii). That is not a conspiracy to deprive her of federal or state rights. Accordingly, the claims alleged under Section 1983 and 1985 fail to state a claim.

Holtz has also failed to state a claim under the ICRA. The ICRA, like this country's Bill of Rights, lists a number of limitations on the authority of Indian tribes over individual members. For example, 25 U.S.C. § 1302(a)(1) prohibits any Indian tribe from making or enforcing any law abridging freedom of speech, and § 1302(a)(8) prohibits a tribe from depriving any person of property without due process of law. Holtz contends that the defendants' actions violated provisions of the ICRA.

The Supreme Court has held, however, that Congress did not create a federal cause of action for the enforcement of rights created by the ICRA, other than for relief via habeas corpus. *Martinez*, 490 U.S. at 71–72. Although the Court recognized that creating a federal cause of action for enforcement of all of the rights listed in the ICRA would no doubt be useful in securing compliance with § 1302, it concluded that federal enforcement would be plainly at odds with the congressional goal of protecting tribal self-government. *Id.* at 64. Absent an unequivocal statement by Congress of its intent to abrogate tribal sovereignty, the Court rejected the argument

that the ICRA created such a cause of action. As a result, Holtz has no claim in this case under the ICRA.

And, of course, Holtz has no claim over which this court has jurisdiction arising under the laws or constitution of the Oneida Nation. This court has no authority to enforce the Nation's own laws. *See Runs After v. United States*, 766 F.2d 347, 352 (8th Cir. 1985) (concluding resolution of disputes involving questions of interpretation of a tribal constitution and tribal law are not within the district court's jurisdiction). The court agrees that these disputes are within the jurisdiction of the tribal courts. *See Talton v. Mayes*, 163 U.S. 376, 385 (1896) (Construction of tribal law is "solely a matter within the jurisdiction" of the tribal courts).

In sum, Holtz's claims, state as well as federal, are barred under the doctrine of sovereign immunity. Since none of the conditions set forth in 28 U.S.C. § 1367(c) are present, remand of the state law claims, as opposed to dismissal with prejudice, would be inappropriate. The complaint also fails to state a federal claim upon which relief can be granted. The defendants' motions to dismiss (Dkt. Nos. 7 and 11) are therefore granted, all claims are dismissed with prejudice, and the Clerk is directed to enter judgment in favor of the defendants forthwith.

**SO ORDERED** at Green Bay, Wisconsin this 30th day of April, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court